UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
FRANCESCO ROBERTO SEBASTIANI,

                Plaintiff,

        - against -

BROOKLYN HOSPITAL CENTER, PIK LEE,
M.D., both Individually and as Aider and
Abettor, and HARRY DYM, D.M.D., both
individually and as Aider and Abettor,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-253 (PKC) (ST)

PAMELA K. CHEN, United States District Judge:

        Plaintiff Francesco Roberto Sebastiani initiated this action on January 14, 2019, asserting claims for sexual harassment, gender discrimination, hostile work environment, retaliation, conversion, and defamation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. L. §§ 290 *et seq.* ("NYSHRL"), the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 ("NYCHRL"), and New York state tort law. (*See generally* Complaint, Dkt. 1.) Plaintiff amended his complaint on April 5, 2019 to include additional factual allegations. (*See* Amended Complaint ("Am. Compl."), Dkt. 17.) Currently before the Court are the motions to dismiss filed by Defendants Brooklyn Hospital Center ("BHC") and Harry Dym, D.M.D. ("Dym") (collectively, the "Hospital Defendants"), as well as Defendant Pik Lee, M.D. ("Lee") (together with the Hospital Defendants, "Defendants"), seeking dismissal of Plaintiff's defamation claims with prejudice and without leave to amend. (*See* Hospital Defendants' Motion ("Hosp. Defs.' Mot."), Dkt. 18; Lee's Motion ("Lee's Mot."), Dkt. 19.) For the reasons stated herein, Defendants' motions to dismiss are granted, and Plaintiff's defamation claims are dismissed. However,

Plaintiff has 14 days from the date of this Order in which to seek to replead these claims, if he can, to satisfy Federal Rule of Civil Procedure 8(a)(2).

## BACKGROUND[1]

### I. Factual Allegations

In July 2015, Plaintiff entered the Oral and Maxillofacial Surgery residency program at BHC and was given the title of acting chief resident. (Am. Compl. ¶¶ 4, 13.) As part of the residency program, Plaintiff began an anesthesia rotation in September 2015. (*Id.* ¶ 16.) Defendant Lee, an anesthesiologist, was Plaintiff's supervising attending physician during this rotation. (*Id.* ¶ 17.) In her role as Plaintiff's supervising attending physician, Defendant Lee was responsible for formally evaluating Plaintiff's performance and providing information about his performance to the department chair. (*Id.* ¶¶ 18–19.)

At some point after Plaintiff entered the residency program, he and Defendant Lee engaged in an intimate relationship. (*Id.* ¶ 20.) Plaintiff attempted to end this relationship in December 2016, just before he began a three-month rotation at Geisinger Medical Center in Wilkes-Barre, Pennsylvania. (*Id.* ¶¶ 20–21.) In the wake of Plaintiff's efforts to terminate the relationship, Defendant Lee sent numerous unwanted and harassing text messages to Plaintiff. (*Id.* ¶ 22.) These communications, which included threats regarding Plaintiff's employment and residency, were intended to coerce Plaintiff to continue the relationship. (*Id.*) When Plaintiff began another three-month rotation in April 2017, this time at Bronx-Lebanon Hospital Center in New York City, Defendant Lee demanded that Plaintiff impregnate her, threatened to kill herself and Plaintiff, and

---

[1] The facts recited in this section are based on the allegations in the amended complaint, which the Court accepts as true for purposes of Defendants' motions. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

warned that she would give lethal doses of succinylcholine[2] to Plaintiff's family if he refused to speak to her and continue the relationship. (*Id.* ¶¶ 23–25.)

Defendant Lee's threatening and harassing behavior continued when Plaintiff returned to BHC in July 2017. (*Id.* ¶¶ 26–28, 31–34, 37–38.) Among other things, Defendant Lee suggested that she might harm patients at BHC if Plaintiff continued to rebuff her advances. (*Id.* ¶ 43.) She also threatened to "get [Plaintiff] in trouble" and destroy his career. (*Id.* ¶¶ 39–41.)

Plaintiff reported these incidents of harassment to Defendant Dym, the chair of the Oral and Maxillofacial Surgery Department at BHC, but Defendant Dym repeatedly ignored Plaintiff's complaints. (*Id.* ¶¶ 7, 29–30, 35–36, 46–47.) In late October 2017, Plaintiff approached Defendant Dym again, this time requesting to be transferred to another residency program where Defendant Lee would not be present. (*Id.* ¶ 48.) Defendant Dym told Plaintiff that he would "personally see to it that [Plaintiff's] career was destroyed" if Plaintiff transferred to a different program. (*Id.* ¶ 49.) On December 4, 2017, Plaintiff filed a formal complaint with BHC's Human Resources Department, but rather than investigate Defendant Lee's behavior, BHC retaliated against Plaintiff with "false accusations and pretextual investigations." (*Id.* ¶¶ 51–52.) Plaintiff lodged another complaint with BHC's Human Resources Department on December 14, 2017. (*Id.* ¶ 57.) Following these complaints, BHC stopped paying Plaintiff, cut the locks on his work locker, removed his belongings from the locker, and changed the locks at Plaintiff's apartment, which Plaintiff had rented from BHC. (*Id.* ¶¶ 15, 59–63.) BHC also suspended Plaintiff's health insurance and refused to release information about Plaintiff's residency, impeding his ability to continue his career. (*Id.* ¶ 67–68.)

---

[2] "[S]uccinylcholine is a muscle relaxant [that] causes paralysis of the muscles used to breathe and move." *See Estate of Barnwell v. Roane Cty.*, No. 13-CV-124-PLR-HBG, 2016 WL 5937821, at *2 (E.D. Tenn. June 16, 2016).

On January 31, 2018, Defendant Lee was arrested by unidentified law enforcement officers on charges related to her harassment of Plaintiff, and on February 1, 2018, Plaintiff was granted a criminal protective order against her. (*Id.* ¶¶ 69–70.)

Also on February 1, 2018, Plaintiff received an offer to interview for an advanced-standing residency position at another program,[3] which would have begun in July 2018. (*Id.* ¶ 72.) When the other residency program contacted Defendants about Plaintiff, Defendants made certain false and malicious statements about Plaintiff, which indicated that Plaintiff had engaged in fraudulent billing practices and worked outside the scope of his practice while employed at BHC. (*Id.* ¶ 73.) Based on these statements, the other program rescinded its residency offer.[4] (*Id.*) Separately, Defendants Dym and BHC made further unspecified false and defamatory statements to "Dr. Hernandez," who was one of Plaintiff's colleagues, and "Dr. Holmes," the attending surgeon at Geisinger Medical Center. (*Id.* ¶ 74.) Plaintiff alleges that all of these statements harmed his career prospects, though he was ultimately able to transfer to a different residency program and resume his career. (*Id.* ¶¶ 75–76.)

## II. Procedural History

On December 5, 2018, Plaintiff sued Defendant Lee in Kings County Supreme Court, alleging assault, battery, and intentional infliction of emotional distress.[5] *See Sebastiani v. Lee*, No. 19-CV-3638 (PKC). Subsequently, Plaintiff initiated this action on January 14, 2019. (*See*

---

[3] Plaintiff does not provide the name or location of the other residency program.

[4] It is unclear whether this "offer" refers to the interview offer or an offer of admission to the other program.

[5] Defendant Lee removed the Kings County Supreme Court action on June 21, 2019 after determining that the factual allegations underpinning that case were closely related to the allegations in this case. *See Sebastiani v. Lee*, No. 19-CV-3638 (PKC) (Defendant's Pre-Motion Conference Letter, Dkt. 6). The removed action is currently pending before the Court.

4

Complaint, Dkt. 1.) On March 6, 2019, the Hospital Defendants filed a letter requesting a pre-motion conference in anticipation of filing a motion to dismiss Plaintiff's defamation claims. (*See* Hospital Defendants' Pre-Motion Conference Letter, Dkt. 13.) In response, Plaintiff sought leave to file an amended complaint (*see* Dkt. 15), which the Court granted on March 15, 2019. Plaintiff's amended complaint was filed on April 5, 2019. (*See* Am. Compl., Dkt. 17.) On April 17, 2019, the Hospital Defendants and Defendant Lee again requested a pre-motion conference in anticipation of filing motions to dismiss Plaintiff's defamation claims. (*See* Hosp. Defs.' Mot., Dkt. 18; Lee's Mot., Dkt. 19.) The Court construed these requests as Defendants' respective motions to dismiss and set an expedited briefing schedule. (*See* April 26, 2019 Order.) Defendants' motions were fully briefed on June 18, 2019. (*See* Hospital Defendants' Reply ("Hosp. Defs.' Reply"), Dkt. 27.)

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted); *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). In addressing the sufficiency of a complaint, courts are required to accept the well-pleaded factual allegations

contained within the complaint as true, *see Building Indus. Elec. Contractors Ass'n v. City of New York*, 678 F.3d 184, 188 (2d Cir. 2012), but "need not credit conclusory statements unsupported by assertions of facts[,] or legal conclusions . . . presented as factual allegations," *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Additionally, "a court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *Id.* at 405–06 (citing *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir.1995)).

## DISCUSSION

### I. Pleading Requirements for Defamation Claims in Federal Court

"[T]he mode of pleading defamation is governed by [Federal Rule of Civil Procedure ("Rule") 8]." *Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986). Under the liberal notice pleading standard set forth in Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting Rule 8(a)(2)). A "short and plain statement" is one that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A defamatory statement is one that exposes an individual "to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, or . . . induces an evil opinion of one in the minds of right-thinking persons, and . . . deprives one of . . . confidence and friendly intercourse in society." *Karedes v. Ackerley Grp., Inc.*, 423 F.3d 107, 112 (2d Cir. 2005) (quoting *Celle v. Filipino Reporter Enters.*, 209 F.3d 163, 177 (2d Cir. 2000)); *see also* Robert D. Sack, *Sack on Defamation* § 2.4.1 (3d ed. 2005). "To state a claim for

6

defamation under New York [l]aw, the plaintiff must allege (1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation *per se* or caused 'special damages.'" *Thorsen v. Sons of Nor., Inc*., 996 F. Supp. 2d 143, 163 (E.D.N.Y. 2014) (internal quotations and citation omitted). Special damages involve the loss of something with economic or pecuniary value that flows directly from the reputational injury caused by a defamatory statement, *Celle*, 209 F.3d at 179 (internal quotation omitted), and they "must be fully and accurately stated, with sufficient particularity to identify actual losses," *Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 330 (S.D.N.Y. 2010) (internal quotations and citation omitted). "As a general rule, a statement that 'tends to injure the plaintiff in his or her trade, business[,] or profession' is defamatory *per se* and does not require proof of special damages to be actionable." *Thai*, 726 F. Supp. 2d at 331 (brackets omitted) (quoting *Albert v. Loksen*, 239 F.3d 256, 271 (2d Cir. 2001)).

The "central concern" at the pleadings stage of a defamation case "is that the complaint 'afford [the] defendant sufficient notice of the communications complained of to enable him to defend himself.'" *Linell v. N.Y.C. Dep't of Educ*., No. 15-CV-5085 (CBA) (MDG), 2017 WL 880853, at *2 (E.D.N.Y. Mar. 3, 2017) (quoting *Kelly*, 806 F.2d at 46). Although New York law requires defamation claims to be pleaded with particularity,[6] that rule is procedural in nature, and thus does not apply to defamation claims brought in federal court.[7] *See Pasqualini v. MortgageIT,*

---

[6] To adequately plead a claim for defamation under New York law, "the specifics of all three component parts of the publication, *i.e*., its time, manner, and audience, must be alleged." *Arsenault v. Forquer*, 602 N.Y.S.2d 653, 655 (N.Y. App. Div. 1993); *see also* N.Y. C.P.L.R. § 3016(a) ("In an action for libel or slander, the particular words complained of shall be set forth in the complaint . . . .").

[7] In contrast to the particularity requirement under New York law, the pleading requirements for a defamation claim in federal court, as previously discussed, are governed by

7

*Inc.*, 498 F. Supp. 2d 659, 671–72 (S.D.N.Y. 2007) (applying federal pleading requirements to New York state law defamation claims). Rather, in the Second Circuit, a complaint alleging defamation is sufficient "if it adequately identifies the purported communication and provides an *indication* of who made the communication, when it was made, and to whom it was communicated." *Olsson v. Wenner Media LLC*, No. 11-CV-7829 (DLC), 2012 WL 13042494, at *4 (S.D.N.Y. July 12, 2012) (emphasis added) (quoting *Biomed Pharm., Inc. v. Oxford Health Plans (N.Y.), Inc.*, 775 F. Supp. 2d 730, 739 (S.D.N.Y. 2011)); *accord Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 271 (2d Cir. 1999) ("While plaintiffs are not required to plead defamation *in haec verba*, [an] unsupported claim that [the defendant] said 'something bad' about [the plaintiff] to a client fail[s] to afford [the defendant] sufficient notice of the communications complained of . . . ." (internal quotation omitted)).

## II. Plaintiff's Defamation Claims

Plaintiff's defamation claims are grounded in two distinct sets of allegedly defamatory statements: first, statements made to the other residency program, and second, statements made to Drs. Hernandez and Holmes. (*Compare* Am. Compl., Dkt. 17, ¶¶ 72–73, *with id.* ¶ 74.) As to each set of statements, Defendants argue that Plaintiff has failed to plead facts that provide "sufficient notice of the communications complained of to enable [them] to defend" themselves. (Hosp. Defs.' Mot., Dkt. 18, at 2 (quoting *Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 06-CV-1260 (KAM), 2009 WL 4547792, at *9 (E.D.N.Y. Dec. 1, 2009)); *see also*

---

Rule 8(a)(2), which only requires a short and plain statement of the claim showing entitlement to relief. *See Doe v. Doe*, No. 16-CV-332 (NSR), 2017 WL 3025885, at *11 n.7 (S.D.N.Y. July 14, 2017); *see also Markovic v. N.Y.C. Sch. Constr. Auth.*, No. 99-CV-10339 (WCC), 2000 WL 1290604, at *2–3 (S.D.N.Y. Sept. 13, 2000) (finding that defamation claims are not subject to the particularity requirements of Rule 9(b)).

Lee's Mot., Dkt. 19, at 1 (joining the Hospital Defendants' arguments in full).) The Court addresses Defendants' arguments in turn.

### A. Statements to the Other Residency Program

In asserting a defamation claim against Defendants based on statements made to the other residency program, Plaintiff makes the following allegations:

> On or about February 1, 2018, [Plaintiff] was offered an interview for an advanced-standing residency position at another program, to begin July 2018. Upon information and belief, the [other residency program] contacted Defendants, and the Defendants made false and malicious statements about [Plaintiff]. The [other program] immediately thereafter rescinded the residency offer. The precise content of the false and malicious statements that Defendants made to the [other] program are not known to the Plaintiff at this time. Upon information and belief, they concerned knowingly false allegations that the Plaintiff had engaged in fraudulent billing practices and/or worked outside the scope of his practice while at [BHC].

(Am. Compl., Dkt. 17, ¶¶ 72–73.)

The only question before the Court is whether these allegations are adequate to provide Defendants with "sufficient notice of the communications complained of" so as to enable them to defend themselves. *Kelly*, 806 F.2d at 46. Defendants argue that the allegations are inadequate because (1) Plaintiff does not identify any employee or representative from the other residency program who received the statement; (2) Plaintiff generally identifies "Defendants" as the speaker of the allegedly defamatory statements, rather than naming a specific individual; and (3) Plaintiff does not describe the manner of the communication, *e.g.*, whether the statements were oral or in writing and whether they were in response to a request. (*See* Hospital Defendants' Supplement, Dkt. 23, at 3; Lee's Supplement, Dkt. 24, at 1 (joining Hospital Defendants' arguments)).)

"In assessing whether a defamation claim has been plead[ed] with sufficient particularity, [federal] courts look to 'whether [the] complaint references the alleged defamatory statement, identifies who made the statement, when it was made, the context in which it was made, whether it was made orally or in writing[,] and whether it was made to a third party.'" *Bloom v. Fox News*

*of L.A.*, 528 F. Supp. 2d 69, 74 (E.D.N.Y. 2007) (quoting *Nickerson v. Commc'ns Workers of Am. Local 1171*, No. 504-CV-875 (NPM), 2005 WL 1331122, *7 (N.D.N.Y. May 31, 2005)). "To satisfy the publication element and survive a motion to dismiss, [Plaintiff] must identify a third party to whom the defamatory statement was allegedly published." *Shak v. Krum*, No. 18-CV-650 (LGS), 2018 WL 5831319, at *4 (S.D.N.Y. Nov. 6, 2018).

The Court finds that Plaintiff's allegations do not adequately notify Defendants of his defamation claim, as required by Rule 8(a)(2). Plaintiff's allegations can be fairly read to identify: (1) Defendants Lee, Dym, and BHC as the speakers of various allegedly defamatory statements[8]; (2) the defamatory statements that were made, *i.e.*, statements indicating that Plaintiff had engaged in fraudulent billing practices and worked outside the scope of his practice while at BHC; and (3) when the statements occurred, *i.e.*, shortly after February 1, 2018 in the context of a professional reference check for Plaintiff.[9] What is *crucially* lacking in Plaintiff's complaint, however, is identification of the third party to which the defamatory statements were made.[10] The Court

---

[8] Defendants argue that Plaintiff's reference to "Defendants" as the speaker of the alleged defamatory statements is too generic. Accepting all factual allegations as true, however, the Court reads the amended complaint to literally state that each of the three Defendants made defamatory statements to the other program. Because Plaintiff has maintained throughout his briefing that all three Defendants are implicated in his allegations, this case is distinguishable from *Regal Custom Clothiers, Ltd. v. Mohan's Custom Tailors, Inc.*, No. 96-CV-6320 (SS), 1997 WL 370595, at *8 (S.D.N.Y. July 1, 1997). *See id.* ("[I]t is not clear who is alleged to have made the defamatory statements. The Complaint alleges that 'Defendants' made the defamatory statements, but the [plaintiffs' brief] refers only to the alleged defamatory statements by [one defendant] . . . .").

[9] Notwithstanding Defendants' arguments to the contrary, Plaintiff "need not allege the specific defamatory words" when proceeding in federal court. *Regal Custom Clothiers*, 1997 WL 370595, at *8. Rather, Plaintiff meets his burden of notice pleading when the amended complaint "is sufficiently detailed to apprise [D]efendants of what [P]laintiff intends to prove and to permit them to respond." *Id.*

[10] Plaintiff also fails to clarify whether the alleged defamatory statements were made orally, in writing, or both. This failure further undermines his allegations.

interprets the relevant standards as requiring Plaintiff to identify the other residency program that allegedly received Defendants' defamatory statements.[11] The mere allegation that defamatory statements were made to another unidentified residency program is too indeterminate to provide sufficient notice of Plaintiff's claim so that Defendants can prepare their defense.

Accordingly, Plaintiff's claim of defamation based on statements made to the other residency program are dismissed. However, Plaintiff will be permitted a final opportunity to replead, if he can, his defamation claim to identify the other residency program or individuals who received the defamatory statements, and to add other factual allegations that will provide adequate notice of this defamation claim to Defendants. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

### B. Statements to Drs. Hernandez and Holmes

As to his defamation claim based on statements made to Drs. Hernandez and Holmes, Plaintiff makes only the following allegation:

> Upon information and belief, throughout 2018[,] Dr. Dym and the Hospital made false and defamatory statements regarding [Plaintiff] to others, including the Plaintiff's colleague Dr. Hernandez, and Geisinger Medical Center attending surgeon Dr. Holmes.

(Am. Compl., Dkt. 17, ¶ 74.)

---

[11] Defendants argue that Plaintiff must name a specific individual at the other residency program in order to comply with Rule 8(a)(2). (*See* Hosp. Defs.' Reply, Dkt. 27, at 1–2.) While such an identification certainly would go a long way toward providing adequate notice, the Court does not find that it is required under Rule 8's liberal pleading standard, so long as the complaint's allegations are otherwise sufficient to provide notice of Plaintiff's claim. *See Regal Custom Clothiers*, 1997 WL 370595, at *8 ("Rule 8 . . . requires only that plaintiff[']s charges be set forth in a short and concise statement, detailed only to the extent necessary to enable defendant to respond and to raise the defense of *res judicata* if appropriate." (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 640 (2d Cir. 1980)).

These conclusory allegations are patently insufficient to provide notice of Plaintiff's defamation claim relating to Drs. Hernandez and Holmes. Though Plaintiff identifies the speakers and at least two specific recipients of the allegedly defamatory statements, he gives no indication of the nature and contents of the statements or the context in which they were made. Where the context and contents of an alleged defamatory statement are unclear, it cannot be said that Plaintiff has "apprise[d] [D]efendants of what [he] intends to prove and . . . permit[ted] them to respond." *Regal Custom Clothiers*, 1997 WL 370595, at *8; *see also Ford v. Clement*, 834 F. Supp. 72, 78 (S.D.N.Y. 1993) (dismissing a claim of defamation where "[a]ll that [the plaintiff] sa[id] about [the defendant's] allegedly defamatory statements [was] that they were 'false'").[12] Accordingly, Plaintiff's defamation claim based on statements made by Defendants Dym and BHC to Dr. Hernandez and Dr. Holmes is dismissed. However, Plaintiff will be permitted to replead this claim, if he is able, to include allegations that would satisfy Rule 8(a)(2).

## CONCLUSION

For the reasons stated, Defendants' respective motions to dismiss are granted. Plaintiff's defamation claims are dismissed, but Plaintiff may seek to amend his complaint a final time within fourteen (14) days of this Order to replead his claims in a manner that provides sufficient notice to Defendants and is consistent with his obligations under Rule 11(b). If Plaintiff fails to file a second amended complaint within fourteen (14) days of this Order, this case shall proceed to discovery without his defamation claims.

---

[12] The amended complaint also fails to provide anything more specific about the timing of these statements than that they were made "throughout 2018." (*See* Am. Compl., Dkt. 17, ¶ 74.) This temporal vagueness contributes to the insufficiency of Plaintiff's allegations with respect to this defamation claim.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 19, 2019
       Brooklyn, New York