# RANNI ⚖ LAW FIRM PLLC

**Joseph J. Ranni, LL.M.**  Attorney at Law
Admitted in New York, New Jersey, Pennsylvania and Florida

May 5, 2022

**VIA ECF**
Magistrate Judge Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: Sebastiani v. Brooklyn Hospital Center ("BHC") et al.
   Case No 1:19-cv-00253-EK-ST

Your Honor:

  Plaintiff's counsel respectfully requests the court direct Defendants to submit a pre-motion letter regarding any claim for sanctions against myself as Plaintiff's former counsel.  Due to the defense counsels' continuing wrongful efforts to besmirch my reputation with these baseless allegations, I am compelled to have this issue resolved with finality.

  Defendant BHC counsel's letter of May 4th demonstrates why it is the Defendants' counsel that should be sanctioned.  Defendant's BHC has not only made spurious accusations and claims for sanctions for the improper purpose of seeking litigation advantage but has also engaged in unethical conduct in the process including but not limited to violations of the New York Rules of Professional Conduct R.3.3 and 3.4.

  Affiant recognizes that BHC counsel must be ignorant of such rules, as her correspondence seemingly seeks to preserve a claim that does not exist and is known to be professionally moot.  **ALL** attorneys know that as Officers of the Court we are **ALWAYS** subject to the Court's jurisdiction for our conduct before a tribunal of any venue.  This repetitive reiteration of a fictitious preservation of rights is purely to be obnoxious, baseless and professionally malicious in violation of the rules of ethics.

  While counsel are always bound by their conduct and representations in Court, such is also true concerning accusations of sanctionable and unethical conduct.  Such accusations should not be made flippantly or for an improper purpose.  Affiant is compelled to request the Court direct either the Defendants' come forward and support claims for sanction against myself Plaintiff's former counsel <u>now</u> or that there be a finding that no sanctionable conduct has occurred.

Should Defendant BHC or Defendant Lee's counsel make such claims, Affiant would reserve the right to cross-move for sanctions as well.

Please contact our offices if there is any additional information or documentation that may be helpful to the Court's review. Thank you for your time, attention and consideration of this matter.

Respectfully submitted,

*Joseph Ranni*

Joseph Ranni

cc: All counsel of record by ECF