UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

FRANCESCO ROBERTO SEBASTIANI,

                    Plaintiff,                    **MEMORANDUM & ORDER**
                                                  19-CV-253 (EK)(ST)
          -against-

BROOKLYN HOSPITAL CENTER et al.,

                    Defendants.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

          Currently before the Court are the defendants' motions for reconsideration of the March 25, 2026 order on defendants' motions for summary judgment.  *See* ECF Nos. 188-89 (motions for reconsideration); ECF No. 185 (the underlying order, or "Order").  The Court presumes familiarity with the procedural and factual background of this case, as set forth in the Order.

          In brief, Francesco Sebastiani alleges that his ex-girlfriend, Pik Lee, harassed him both outside of work and while on the clock at Brooklyn Hospital Center, where he worked as an oral and maxillofacial surgery resident and she as an anesthesiologist.  He brings Title VII, NYSHRL, and NYCHRL claims against Lee, Brooklyn Hospital Center, and his supervising physician, Harry Dym.  Defendants challenge the Court's determination that Sebastiani's hostile work environment claims under each of those statutes should survive summary

judgment.  *See* Mem. in Supp. of Hospital Defs.' Mot. for Recons. ("Hospital Defs.' Br."), ECF No. 188-1; Corrected Mem. in Supp. of Lee's Mot. for Recons. ("Lee's Br."), ECF No. 191.

For the following reasons, the motions for reconsideration are denied.

## I.    Legal Standard

"A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).[1]  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019); *see also* Local Civ. Rule 6.3 (requiring moving party to identify "the matters or controlling decisions which the moving party believes the court has overlooked").

## II.  Discussion

Defendants' motions for reconsideration are denied. Sebastiani's hostile work environment claims under Title VII, the NYSHRL, and the NYCHRL may proceed.

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

A.    **Title VII Hostile Work Environment Claim**

1.    A Dispute of Fact Persists as to Whether Lee
      Created a Hostile Work Environment

Defendants' primary argument in support of reconsideration is that Lee's alleged groping of Sebastiani was an "aberrational act by a non-employee" for which the hospital should not be held liable.  Hospital Defs.' Br. 3.  More specifically, they assert that being "touched once by a former lover [and non-supervisor] after a breakup" is insufficient to create a hostile work environment.  Hospital Defs.' Reply 3, ECF No. 196; *cf.* Lee's Reply 4-6, ECF No. 195 (raising similar argument in the context of the NYSHRL).  This argument fails.

*First*, the case law makes clear that a single groping incident can give rise to a hostile work environment.  "Direct contact with an intimate body part constitutes one of the most severe forms of sexual harassment."  *Redd v. New York Div. of Parole*, 678 F.3d 166, 177 (2d Cir. 2012).[2]  The hospital defendants attempt to distinguish the cases cited in the Order for this proposition on the basis that they involved harassment by supervisors rather than colleagues.  Hospital Defs.' Br. 3-5.  This argument conflates two questions: (a) whether a single

---

[2] The hospital defendants cite *Mathirampuzha v. Potter*, 548 F.3d 70 (2d Cir. 2008), in support of their argument that the alleged groping incident was insufficiently severe to alter Sebastiani's working conditions.  Defs.' Reply 1.  But *Mathirampuzha* itself acknowledges that a single incident of sexual assault can be sufficiently severe to create a hostile work environment.  548 F.3d at 79.  The incident that the Second Circuit found insufficiently severe in that case was not sexual in nature.  *See id.* at 73.

3

incident can suffice, and (b) whether (and when) a non-supervisor's conduct may be imputed to the employer.  We discuss (b) in more detail below, but the defendants are simply incorrect as to both parts.  Among the cases cited in the Order is *Conlan v. Liberty Mut. Grp., Inc.*, No. 23-CV-8947, 2024 WL 4792112 (S.D.N.Y. Nov. 13, 2024).  That decision collected a number of district-court orders in support of the assertion that "intentionally touching or grabbing a *co-worker's* genitals or intimate parts [on one occasion] was sufficiently severe" to create a hostile work environment.  *Id.* at *5 (emphasis added). That is what precisely Sebastiani alleges occurred here.

*Second*, the evidence adduced would not actually require a reasonable jury to conclude that the groping incident was "aberrational" (even if that was a defense).  *See* Hospital Defs.' Br. 3.  For example, as detailed in the Court's prior order, Sebastiani testified that Lee had been making threats to his career and life — like those she made while touching his genitals — for quite some time.  *See* Order 3-4.  Again, as we previously acknowledged, some — or even much — of this harassment may be plausibly attributed to Lee's displeasure at their breakup.  *See id.* at 11.  But that conduct still provides context for the groping incident — it was part of a pattern of threatening behavior, rather than a complete one-off.

Indeed, the groping incident could provide some basis for a jury to infer that other allegedly harassing behavior by Lee was motivated by sex (at least in part).  *See Alfano v. Costello*, 294 F.3d 365, 378 (2d Cir. 2002) ("Facially neutral incidents may be included, of course, among the totality of the circumstances that courts consider in any hostile work environment claim, so long as a reasonable fact-finder could conclude [based on circumstantial evidence] that they were, in fact, based on sex."); *see also Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 23 (2d Cir. 2014) (a plaintiff bringing a hostile work environment claim need not "demonstrate that [a protected characteristic] was the *only* motivating factor" behind the harassment (emphasis added)); *Redd*, 678 F.3d at 178 ("[W]hen, as is often the case in sexual harassment claims, fact questions such as state of mind or intent are at issue, summary judgment should be used sparingly.").[3]

*Finally*, defendants argue that Sebastiani has not adduced facts sufficient to create a material dispute regarding whether the harassment was "subjectively . . . perceived by

---

[3] That Lee and Sebastiani once dated cannot be dispositive.  "Whether a harasser picks his or her targets because of a prior intimate relationship, desire for a future intimate relationship, or any other factor that draws the harasser's attention should not be the focus of the Title VII analysis. Instead, [the question should be] if the harassing conduct is gender-based . . . ."  *Forrest v. Brinker Int'l Payroll Co.*, LP, 511 F.3d 225, 229 (1st Cir. 2007).  "To hold otherwise would effectively immunize from Title VII liability any sexual harassment following a failed relationship." *Kohutka v. Town of Hempstead*, 994 F. Supp. 2d 305, 328 (E.D.N.Y. 2014) (collecting cases).

[him] to be, sufficiently hostile to alter the conditions of employment for the worse." *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 604 (2d Cir. 2006); *see, e.g.*, Hospital Defs.' Reply 1.  But Sebastiani testified that he complained to Dym about the groping incident, as the Order indicates, and the Second Circuit has treated a plaintiff's complaints about harassment as sufficient evidence that he "subjectively experienced a hostile work environment." *Schiano*, 445 F.3d at 604 n.4.

    2.    There Is a Dispute of Fact Regarding Whether Lee's Conduct Can Be Imputed to the Hospital

Defendants also argue that no reasonable jury could conclude that Lee's conduct should be imputed to the Hospital. They contend that "the Court disregarded testimony in the record which renders [p]laintiff's alleged report [to Dym] implausible" — namely, Sebastiani's testimony that he made that report on July 17, when the groping incident did not occur until July 26. Hospital Defs.' Br. 6.[4]

The Court did not disregard anything.  As noted in our prior order, a party's testimony should only be discounted at

---

[4] The hospital defendants also argue, for the first time, that a higher standard for imputing Lee's conduct to the hospital applies because she was an independent contractor, rather than an employee.  *Compare* Hospital Defs.' Br. 4, *with* Hospital Defs.' Mot. for Summ. J. 13, ECF No. 177-50 (raising Lee's contractor status solely in the context of arguing that she could not have been Sebastiani's supervisor).  We need not consider arguments raised for the first time in a motion for reconsideration.  *See Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015).

the summary judgment stage if it is "so 'contradictory or rife with inconsistencies' that it is 'facially implausible.'"  *See* Order 12 (quoting *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 726 (2d Cir. 2010)).  This is a high bar because it means deviating from the "general rule [that] a district court may not discredit a witness's deposition testimony on a motion for summary judgment" and should instead reserve that determination for the jury.  *Fincher*, 604 F.3d at 725.

Here, it is at least plausible that the identified inconsistency was just a matter of Sebastiani mixing up dates. Defendants counter that Sebastiani has "consistently alleged that he complained to Dr. Dym on July 17, 2017, and that Dr. Lee touched him on July 26" and has only claimed confusion now that he understands the import of that discrepancy.  Hospital Defs.' Reply 4 (citing, among other documents, the complaint).  But in his original complaint, Sebastiani identified both July 17 and July 27, 2017 as dates on which he reported Lee's harassment to Dym.  Compl. ¶¶ 28, 34, ECF No. 1.  And, in any case, a reasonable jury could credit Sebastiani's testimony that he reported the groping incident to Dym even if his recollection of dates is imperfect.  Accordingly, we disagree that Sebastiani's testimony is so contradictory that it cannot create a dispute of fact.

**B.    NYSHRL Hostile Work Environment Claim**

Because Sebastiani's Title VII hostile work environment claim survives, so too does his NYSHRL hostile work environment claim.  *See Allen v. City of New York*, No. 24-CV-2589, 2025 WL 3152723, at *3 (2d Cir. Nov. 12, 2025) (pre-amendment claims under the NYSHRL are governed by "the same framework as corresponding Title VII . . . claims.").[5]

**C.    NYCHRL Hostile Work Environment Claim**

Finally, defendants argue that the Court applied the wrong standard for evaluating whether the Hospital can be held liable for Lee's conduct under the NYCHRL because she was an independent contractor, not an employee.  *See* Hospital Defs.' Br. 11-12; Lee's Br. 2-5.  Defendants are correct that the applicable provision is N.Y.C. Admin. Code § 8-107(13)(c), rather than N.Y.C. Admin. Code § 8-107(13)(b)(2).  But even under subsection (c), Sebastiani's NYCHRL hostile work environment claim survives summary judgment.

The salient difference between the two provisions is that an employer is liable for an employee's discriminatory conduct when they "acquiesced" in it *or* "failed to take immediate and appropriate corrective action," N.Y.C. Admin. Code § 8-107(13)(b)(2), whereas an employer is only liable for an

---

[5] Lee has not moved for reconsideration of the Court's determination that she qualifies as an aider and abettor, instead challenging the Hospital's underlying liability.  *See* Lee's Br. 8.

independent contractor's conduct when they "acquiesced" in it. *Id.* § 8-107(13)(c).[6]  Lee argues, and the Court agrees, that "acquiesced" must mean something more than "fail[ing] to take immediate and appropriate action" — otherwise, the latter phrase would be superfluous.  Lee's Br. 3.  Since the term "acquiesce" is not defined by statute or caselaw, we turn to the relevant dictionary definition: "[t]o accept or comply tacitly or passively, without implying assent or agreement; to accept as inevitable or indisputable."  "Acquiesce," Webster's New International Dictionary (2d ed. 1954).  So, acquiescence requires evidence that the employer tacitly accepted the discriminatory conduct, not just that they failed to take corrective action.

There is evidence from which a reasonable jury could infer that Dym tacitly accepted Lee's sexual harassment of Sebastiani.  According to Sebastiani, when he first reported Lee's conduct — which included "grabb[ing] [him] in the operating room" — Dym "made a joke out of it," saying, "[L]ittle Dr. Lee."  Sebastiani Tr. 191:20-192:9, ECF No. 178-23.  And again in October, when he told Dym that her conduct had

---

[6] The hospital defendants also point to Section 8-107(13)(c)'s requirement that "the employer had actual knowledge of" the misconduct.  *See* Hospital Defs.' Br. 11.  (By contrast, Section 8-107(13)(b) applies when the employer either "knew" *or* "should have known" about the misconduct.)  But, as discussed above, there is a genuine dispute of fact regarding whether the Hospital had knowledge of Lee's harassment.

"escalat[ed]" to death threats, Dym similarly responded that "little Dr. Lee's not going to hurt you."  Sebastiani Tr. 221:22-222:20, ECF No. 177-5.  A jury could reasonably conclude that by minimizing and dismissing Sebastiani's complaints about Lee's conduct, including sexual harassment, Dym tacitly accepted it.  Accordingly, the NYCHRL hostile work environment claim survives.

### III. Conclusion

Defendants' motions for reconsideration are denied. Within thirty days, the parties should submit a proposed pre-trial order that complies with Rule IV.B of this Court's Individual Rules and Practices in Civil Cases.


SO ORDERED.


_/s/ Eric Komitee_
ERIC KOMITEE
United States District Judge


Dated:    July 14, 2026
          Brooklyn, New York

10